1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  KIMBERLY HOPKINS (MABN 668608)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6991
7       FAX: (415) 436-7234
        Kimberly.hopkins@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 19-71900 MAG |
|---|---|
| Plaintiff, | ) DETENTION ORDER |
| v. | ) |
| ROSS ANTHONY FARCA, | ) |
| Defendant. | ) |

## INTRODUCTION

On November 19, 2019, defendant Ross Anthony Farca, was charged by complaint with false statements in violation of 18 U.S.C. § 1001(a)(2). Following the hearings on November 21, 2019, November 22, 2019, and November 26, 2019, and considering the Pretrial Services report, the criminal complaint, proffers and arguments presented, the factors set forth in the bail statute, and for the reasons stated on the record and summarized below, the court finds by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person or the community. Accordingly, the defendant must be detained pending trial in this matter.

/ / /

/ / /

## LEGAL STANDARD

Under the bail statute, 18 U.S.C. § 3142, a court must order the release of a defendant on a personal recognizance or unsecured bond unless release on a bond alone will not reasonably assure the defendant's appearance or the safety of the community or another person. See 18 U.S.C. § 3142(b). If a court determines that release on a bond alone presents a risk of nonappearance or a danger to any person or the community, then the court must choose the least restrictive conditions that will assure the defendant's appearance and the safety of the community or another person. *See id*. §3142(c) (listing thirteen possible conditions of release and empowering the court to impose "any other condition that is reasonably necessary" to assure the defendant's appearance and the community's safety). The court must order a defendant detained if – "after a hearing pursuant to the provisions of subsection 3142(f)" – the court finds that conditions cannot be fashioned to assure the defendant's appearance in court or the safety of the community or another person. *See id*. §3142(e)(1).

At the detention hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *See id*. §3142(f). In evaluating whether conditions can be fashioned to assure the defendant's appearance and the safety of the community or another person, a court "shall consider" the factors in section 3142(g), including (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including employment, financial resources, family ties, community ties, substance abuse history, physical and mental condition, character, criminal history, past conduct, track record in appearing in court, and whether at the time of arrest the person was on supervision for parole, probation, or other release in a pending criminal case), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release.

## DETENTION ORDER

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1). As noted on the record, the Court finds no condition or combination of conditions in section 3142(c) will reasonably assure the safety of any person or the community. The court gave the basis for its findings on the record and finds by clear and convincing evidence that the defendant poses a danger to the community.

1 Specifically, the defendant made violent anti-Semitic statements online and demonstrated that he was inspired by recent domestic terrorists in the United States and abroad. His previous possession of a semi-automatic rifle and 13 rifle magazines demonstrated that he had the ability to carry out the threats that he posted online. The Court also finds concerning the defendant's conduct while on pretrial release on his state case. Specifically, the defendant was communicating with a potential mass shooter on an encrypted email application to evade detection from law enforcement while he was on bond in his state court proceeding. These factors, among others adduced at the hearing, clearly and convincingly demonstrate that if released the defendant would be a danger to the community.

The Court does not find that his parents, although dedicated and caring, could be suitable custodians under the circumstances and thus that no conditions could be fashioned to prevent the danger to the community.

This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant must be afforded reasonable opportunity for private consultation with his counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: November 27, 2019

_____
HONORABLE SALLIE KIM
United States Magistrate Judge